IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUZANNE L. MITCHKA,
Individually and as the Personal
Representative of David S. Mitchka,
Deceased,

    Plaintiffs,

v.

TRANS UNION, LLC,

    Defendant.

Civil Action No.  3:12-cv-336 (HEH)

## DEFENDANT TRANS UNION LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Trans Union LLC ("Trans Union"), by counsel, files its Answer and Defenses to Suzanne L. Mitchka's ("Plaintiff") Complaint ("Complaint"), filed individually and as the Personal Representative of the deceased, David S. Mitchka.  The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

### PRELIMINARY STATEMENT

1.    Trans Union admits that Plaintiff has attempted to assert claims pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.  Trans Union admits that Suzanne Mitchka has also attempted to assert claims as the personal representative of David S. Mitchka.  Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

### JURISDICTION

2.    Trans Union admits that the Court has jurisdiction over this matter.

3.    Trans Union admits that it maintains a registered agent within the boundaries of the Eastern District of Virginia.  Trans Union also admits that venue may be maintained in the Eastern District of Virginia, but denies that venue in this District and Division is the most

1

convenient venue for the parties and witnesses and, in the interest of justice, may seek to transfer this matter pursuant to 28 U.S.C. 1404. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

## PARTIES

4. Trans Union admits that Plaintiff Suzanne Mitchka is a "consumer" as defined by 15 U.S.C. § 1681a(c). Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union admits that it is authorized to do business in the Commonwealth of Virginia. Trans Union further admits that it maintains a registered agent in Richmond, Virginia. Trans Union denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union further admits that it assembles, evaluates, and sells consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Trans Union admits that it sells consumer reports pursuant to contracts and agreements with third parties. Trans Union denies the remaining allegations contained in paragraph 7 of the Complaint.

## FACTS

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

4011597.3/SP/83057/1269/060612

10.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12.     Trans Union denies the allegations contained in paragraph 12 of the Complaint.

13.     Trans Union admits that, on or about March 2, 2011, it received correspondence from Plaintiff and her husband disputing a Capital One account on their Trans Union credit files. Trans Union denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     Trans Union admits that in their dispute letters, Plaintiff and her husband stated that "… the judge ruled in our favor and I was instructed by the court and my attorney that as the judgment was ruled in our favor, Capital One were no longer allowed to contact us about this past due amount, they were not allowed to bill us for it …".  Plaintiff and her husband also asked Trans Union to "expedite this correction."  Trans Union denies the remaining allegations contained in paragraph 14 of the Complaint.

15.     Trans Union admits that with the dispute letters received on or about March 2, 2011, Plaintiff and her husband enclosed a copy of a Warrant in Debt that appears to have been filed in the Loudoun General District Court and indicated that judgment was rendered for the named defendants.  Trans Union denies the remaining allegations contained in paragraph 15 of the Complaint.

16.     Trans Union admits that, on or about March 4, 2011, it sent correspondence to Plaintiff and her husband.  In that correspondence, Trans Union stated: "Based on information

4011597.3/SP/83057/1269/060612

provided to TransUnion, our records show that the information you disputed does not currently appear on your TransUnion credit report. If you have any additional questions or concerns, please contact TransUnion at the address shown below, or visit us on the web at www.transunion.com for general information." Trans Union denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     Trans Union admits that, on or about March 8, 2011, it sent correspondence to Plaintiff and her husband. In that correspondence, Trans Union stated: "We have received a request and added to your credit report an Initial Fraud Alert. … We have also added a promotional suppression to your credit report, in an attempt to ensure that you are excluded from all promotional activities that result from TransUnion lists for the next 90 days. … If you have any additional questions or concerns, please contact TransUnion at the address shown below, or visit us on the web at www.transunion.com for general information." Trans Union denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     Trans Union denies the allegations contained in paragraph 18 of the Complaint.

19.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint regarding the Mitchkas being "denied credit because of the delinquent credit obligation from Capital One" and, therefore, denies same. Trans Union denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     Trans Union admits that at the time it received dispute letters from Plaintiff and her husband in March of 2011, the Capital One account was the only account under the heading "Adverse Accounts" on their credit files. Trans Union denies the remaining allegations contained in paragraph 20 of the Complaint.

4011597.3/SP/83057/1269/060612

21. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint regarding when and where David S. Mitchka died. Trans Union denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Trans Union admits that, on or about January 17, 2012, it received correspondence from Plaintiff disputing the Capital One account on her credit file. Trans Union denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Trans Union admits that after conducting its reinvestigation of the Capital One account, it sent correspondence to Plaintiff on or about January 22, 2012, with the reinvestigation results. The Capital One account reflected a past due balance of $4,839. Trans Union denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. Trans Union admits that it prepared and published to third parties multiple consumer reports regarding Plaintiff and her husband. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint and, therefore, denies same.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORT ACT
## 15 U.S.C. § 1681e(b)

27. Trans Union restates and incorporates its responses to paragraphs 1 – 26 above as though fully stated herein.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

29. Trans Union denies the allegations contained in paragraph 29 of the Complaint.

30. Trans Union denies the allegations contained in paragraph 30 of the Complaint.

31. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORT ACT**
**15 U.S.C. § 1681i(a)(1)**

32. Trans Union restates and incorporates its responses to paragraphs 1 – 31 above as though fully stated herein.

33. Trans Union denies the allegations contained in paragraph 33 of the Complaint.

34. Trans Union denies the allegations contained in paragraph 34 of the Complaint.

35. Trans Union denies the allegations contained in paragraph 35 of the Complaint.

36. Trans Union denies the allegations contained in paragraph 36 of the Complaint.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORT ACT**
**15 U.S.C. § 1681i(a)(2)(A)**

37. Trans Union restates and incorporates its responses to paragraphs 1 – 36 above as though fully stated herein.

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union denies the allegations contained in paragraph 40 of the Complaint.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORT ACT**
**15 U.S.C. § 1681i(a)(4)**

42. Trans Union restates and incorporates its responses to paragraphs 1 – 41 above as though fully stated herein.

43. Trans Union denies the allegations contained in paragraph 43 of the Complaint.

44. Trans Union denies the allegations contained in paragraph 44 of the Complaint.

4011597.3/SP/83057/1269/060612

45. Trans Union denies the allegations contained in paragraph 45 of the Complaint.

46. Trans Union denies the allegations contained in paragraph 46 of the Complaint.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORT ACT**
**15 U.S.C. § 1681i(a)(5)(A)**

47. Trans Union restates and incorporates its responses to paragraphs 1 – 46 above as though fully stated herein.

48. Trans Union denies the allegations contained in paragraph 48 of the Complaint.

49. Trans Union denies the allegations contained in paragraph 49 of the Complaint.

50. Trans Union denies the allegations contained in paragraph 50 of the Complaint.

51. Trans Union denies the allegations contained in paragraph 51 of the Complaint.

**COUNT SIX: WRONGFUL DEATH**
**Va. Code § 8.01-50**

52. Trans Union restates and incorporates its responses to paragraphs 1 – 51 above as though fully stated herein.

53. Trans Union admits that, pursuant to § 1681e(b) of the FCRA, whenever Trans Union prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Trans Union admits that, pursuant to § 1681i of the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer and the consumer notifies Trans Union directly, or indirectly through a reseller, of such dispute, Trans Union shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file. Trans Union admits that, pursuant to § 1681i of the FCRA, in conducting any reinvestigation under paragraph (1) of § 1681i with respect to disputed information in the file of any consumer, Trans Union shall review and consider all relevant information submitted by the

consumer. To the extent David S. Mitchka qualifies for protection under the FCRA, these duties applied to him. Trans Union denies the remaining allegations contained in paragraph 53 of the Complaint and, therefore, denies same.

54. Trans Union denies the allegations contained in paragraph 54 of the Complaint, including subsections (a) through (c).

55. Trans Union denies the allegations contained in paragraph 55 of the Complaint.

56. Trans Union denies the allegations contained in paragraph 56 of the Complaint.

57. Trans Union denies the allegations contained in paragraph 57 of the Complaint.

58. Trans Union denies the allegations contained in paragraph 58 of the Complaint.

59. Trans Union denies the allegations contained in paragraph 59 of the Complaint.

60. Trans Union denies the allegations contained in paragraph 60 of the Complaint.

61. Trans Union denies the allegations contained in paragraph 61 of the Complaint.

62. Trans Union denies the allegations contained in and the relief sought in the unnumbered prayer paragraph of the Complaint.

## **DEFENSES**

63. In asserting the following defenses and other matters, Trans Union does not admit that the burden of proving the allegations or denials contained in them is on Trans Union. Instead, the burden of proof remains on Plaintiff. Moreover, Plaintiffs do not admit any liability to Plaintiff in asserting the following defenses and other matters. Rather, Trans Union denies any liability to Plaintiff, individually and as the personal representative of David S. Mitchka.

64. Plaintiff, individually and as the personal representative of David S. Mitchka, has failed to state a claim against Trans Union upon which relief can be granted.

65. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible

4011597.3/SP/83057/1269/060612

accuracy of the information concerning Plaintiff and David S. Mitchka in preparing consumer reports related to them.

66. Trans Union alleges that any alleged damages sought by Plaintiff, individually and as the personal representative of David S. Mitchka, which Trans Union continues to deny, are the result the acts or omissions of Plaintiff and David S. Mitchka or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

67. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff and David S. Mitchka.

68. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

69. The claims for exemplary or punitive damages asserted by Plaintiff, individually and as the personal representative of David S. Mitchka, and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the Commonwealth of Virginia.

70. Any alleged damages sought by Plaintiff, individually and as the personal representative of David S. Mitchka, which Trans Union continues to deny, were caused in whole or in part by a pre-existing condition and/or an intervening or superceding cause.

71. Trans Union has not published or not knowingly published any false, inaccurate, or defamatory information to a third-party regarding Plaintiff or David S. Mitchka and has not acted with negligence, malice, actual malice, willfulness, wantonness, or recklessness.

72. The common law and/or state law claims asserted by Plaintiff, individually and as the personal representative of David S. Mitchka, are barred/preempted by the Fair Credit Reporting Act and state law.

4011597.3/SP/83057/1269/060612

73. Some or all of the claims asserted by Plaintiff, individually and as the personal representative of David S. Mitchka, against Trans Union are barred by the applicable statute of limitations.

74. In the event that a settlement is reached between Plaintiff and any other party, Trans Union is entitled to any settlement credits or reduction in liability permitted by law.

75. Plaintiff and David S. Mitchka failed to mitigate the alleged damages sought herein.

76. In the interest of justice, Trans Union may seek to transfer this matter pursuant to 28 U.S.C. 1404 and Local Rule 3(C), as this Court is not the most convenient venue for the parties and witnesses.

77. The elements of damage sought herein by Plaintiff, individually and as the personal representative of David S. Mitchka, are no recoverable under the FCRA or the Virginia wrongful death statute.

78. David S. Mitchka's death was not a foreseeable result of Trans Union's action or inaction and is beyond the protections and duties provided by the FCRA.

79. Plaintiff, as the personal representative of David S. Mitchka, has no claim under the Virginia wrongful death statute, because the facts alleged do not meet the requirements for such a claim.

80. No actions or inactions by Trans Union were the cause, in whole or in part, actual or proximate, of David S. Mitchka's death and, as such, no claim arises under the Virginia wrongful death statute.

81. In the unlikely event that Plaintiff, as personal representative of David S. Mitchka, is able to maintain a claim under the Virginia wrongful death statute, Virginia Code §

8.01-38.1 caps recovery of punitive damages to a total of $350,000 for all claims and for all Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

TRANS UNION LLC

/s/ _____
Michael R. Ward
Virginia bar number 41133
Attorney for Trans Union LLC
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA 23218-0030
Phone: (804) 344-8300
Fax: (804) 344-8539
mward@morrismorris.com

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of June, 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

| | |
|---|---|
| Leonard Anthony Bennett<br>lenbennett@cox.net<br>Susan M. Rotkis<br>srotkis@clalegal.com<br>Consumer Litigation Associates, PC<br>763 J. Clyde Morris Blvd., Ste. 1A<br>Newport News, VA 23601 | Kristi Cahoon Kelly<br>kkelly@siplfirm.com<br>Andrew J. Guzzo<br>aguzzo@siplfirm.com<br>Surovell Isaacs Petersen & Levy PLC<br>4010 University Dr., Second Floor<br>Fairfax, VA 22030 |

      I further certify that I will cause a copy of the foregoing filing and corresponding NEF by electronic mail on the following non-filing user: None.

/s/ _____
Michael R. Ward
Virginia bar number 41133
Attorney for Trans Union LLC
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA 23218-0030
Phone: (804) 344-8300
Fax: (804) 344-8539
mward@morrismorris.com