**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **SUZANNE L. MITCHKA,** *Individually and as* | ) |
| *The Personal Representative of David S.* | ) |
| *Mitchka, Deceased,* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No.: 3:12-cv-336 HEH** |
| | ) |
| **TRANS UNION, LLC.,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES**</u>

Plaintiff, SUZANNE L. MITCHKA, individually and as the Personal Representative of DAVID S. MITCHKA, deceased, by counsel, and makes the following disclosures:

**I.  Individuals likely to have discoverable information**

1.   Plaintiff, Suzanne L. Mitchka.

   *All facts.*

2.   Tyler Mitchka

   *The Mitchka's daughter – all facts surrounding the stress the inaccurate credit reporting of the Capital One account caused both of her parents, the death of her father and the impact it has had on her family.*

3.   Bailey Mitchka

   *The Mitchka's daughter – all facts surrounding the stress the inaccurate credit reporting of the Capital One account caused both of her parents, the death of her father and the impact it has had on her family.*

4.      Employees of Trans Union, LLC.

>   *All facts regarding the subject matter of the Complaint.*

5.      Employees from Capital One Bank
        Payment Investigations
        PO Box 30287
        Salt Lake City, UT 84130-0279
        1-800-955-7070

>   *All facts regarding the account dispute, the Warrant in Debt filed by Capital One in Loudoun County General District Court against Suzanne L. Mitchka and David S. Mitchka (GV10002219-00), the subsequent judgment for the Defendants (Suzanne L. Mitchka and David S. Mitchka) on or about August 18, 2010 and the continued derogatory account reporting thereafter.*

6.      Employees from Glasser & Glasser PLC
        580 E. Main Street, Suite 600
        Norfolk, Virginia 23510

>   *All facts regarding the Warrant in Debt filed on behalf of Capital One Bank in Loudoun County General District Court against Suzanne L. Mitchka and David S. Mitchka (GV10002219-00) and the subsequent judgment for the Defendants (Suzanne L. Mitchka and David S. Mitchka) on or about August 18, 2010.*

7.      The Honorable Julia Taylor Cannon
        Loudoun County General District Court
        18 East Market Street
        Leesburg, Virginia 20176
        703-777-0312

>   *All facts regarding the Warrant in Debt filed by Glasser and Glasser, P.L.C. on behalf of Capital One Bank in Loudoun County General District Court against Suzanne L. Mitchka and David S. Mitchka (GV10002219-00) and the subsequent disposition of judgment for the Defendants (Suzanne L. Mitchka and David S. Mitchka) on or about August 18, 2010.*

8.     Employees from Wells Fargo Bank
       1525 West WT Harris Blvd.
       Charlotte, NC 28262

               *All facts regarding the application for credit by David S. Mitchka
               and Suzanne L. Mitchka on or about February, 2011, the credit
               scores and credit report received and reviewed from Trans Union
               in connection with Plaintiffs' credit application and the reasons
               for the denial of credit on or about February 25, 2011.*

9.     Employees from Chase Bank USA, N.A.
       P.O. Box 15077
       Wilmington, DE 19886-5077

               *All facts regarding the application for credit by David S. Mitchka
               on or about May, 2011, the credit scores and credit report
               received and reviewed from Trans Union in connection with the
               credit application and the reasons for the denial of credit on or
               about May 7, 2011.*

10.    Charlotte Gabor
       98 Val Halla Lane
       Berkeley Springs, WV 25411-5794

               *Ms. Mitchka's mother – All facts regarding the Warrant in Debt
               filed by Capital On Bank against Mr. & Mrs. Mitchka in
               Loudoun County General District Court, the stress the credit
               reporting inaccuracies caused Mr. & Mrs. Mitchka, the
               significance of Mr. & Mrs. Mitchka's credit worthiness and need
               for credit, the facts surrounding the death of Mr. Mitchka, and
               significance and impact that Mr. Mitchka's death has caused his
               family.*

11.    John Gabor
       98 Val Halla Lane
       Berkeley Springs, WV 25411-5794
       304-258-1719

               *Ms. Mitchka's father -- All facts regarding the Warrant in Debt
               filed by Capital On Bank against Mr. & Mrs. Mitchka in
               Loudoun County General District Court, the stress the credit
               reporting inaccuracies caused Mr. & Mrs. Mitchka, the
               significance of Mr. & Mrs. Mitchka's credit worthiness and need*

*for credit, the facts surrounding the death of Mr. Mitchka, and significance and impact that Mr. Mitchka's death has caused his family.*

12.  Lara Mitchka
     8017 Diving Cliff Lane
     Springfield, VA 22153-2524

     *Mr. Mitchka's sister -- All facts regarding the Warrant in Debt filed by Capital On Bank against Mr. & Mrs. Mitchka in Loudoun County General District Court, the stress the credit reporting inaccuracies caused Mr. & Mrs. Mitchka, the significance of Mr. & Mrs. Mitchka's credit worthiness and need for credit, the facts surrounding the death of Mr. Mitchka, and significance and impact that Mr. Mitchka's death has caused his family.*

13.  Robert Gabor
     7262 Olde Lantern Way
     Springfield, VA 22152-3560

     *Ms. Mitchka's brother – All facts regarding the stress and detrimental effect that the inaccurate credit reporting caused Mr. & Mrs. Mitchka.*

14.  Sung Chang
     CMP Restoration
     3850 Dulles South Ct # B
     Chantilly, VA 20151

     *Mr. Mitchka's Employer prior to his death – All facts regarding Mr. Mitchka's stress and the detrimental effect that the inaccurate credit reporting of the Capital One Bank account caused Mr. Mitchka prior to his death and facts surrounding his death.*

15.  Roger Piskulich
     CMP Restoration
     3850 Dulles South Ct # B
     Chantilly, VA 20151

     *Mr. Mitchka's Employer prior to his death -- All facts regarding Mr. Mitchka's stress and the detrimental effect that the*

*inaccurate credit reporting of the Capital One Bank account caused Mr. Mitchka prior to his death and facts surrounding his death.*

16.  Freddy Vasquez
     CMP Restoration
     3850 Dulles South Ct # B
     Chantilly, VA 20151
     703-961-8730

     *Mr. Mitchka's co-worker -- All facts regarding Mr. Mitchka's stress and the detrimental effect that the inaccurate credit reporting of the Capital One Bank account caused Mr. Mitchka prior to his death and facts surrounding his death.*

17.  Jennifer Beard
     CMP Restoration
     3850 Dulles South Ct # B
     Chantilly, VA 20151

     *Mr. Mitchka's co-worker – All facts regarding Mr. Mitchka's stress and the detrimental effect that the inaccurate credit reporting of the Capital One Bank account caused Mr. Mitchka prior to his death and facts surrounding his death.*

18.  Kelly Spicer
     10000 Sudley Manor Drive
     Manassas, VA 22110

     *Ms. Mitchka's friend – All facts pertaining to the impact of the inaccurate credit reporting of the Capital One Bank account,  the credit denials they experienced as a results of the inaccurate credit reports and the time devoted by Mr. & Mrs. Mitchka in attempting to rectify the inaccurate credit reporting of the Capital One account.*

19.  Unknown persons as may be revealed in discovery.

20.  All witnesses identified by the Defendants.

## II. Description of documents in possession of the Plaintiff.

Other than those documents obtained from any Defendant in discovery, the Plaintiff has the following documents in his possession and control:

Plaintiff's Bate Stamp Exhibit #'s.   000001-000173

## III. Computation of Damages

### Itemization Of Damages

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter.   These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages.   *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.,* 177 F.R.D. 376, 386 (E.D.Tex.1997).   Such damages will be determined by the jury in this matter.

### Categories and types of Actual Damages

i.      Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.

ii.     Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.

iii.    Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.

iv.     Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.

v.      Plaintiff has suffered general damages in the form of damage to reputation.

vi.     Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

vii.    Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiffs did not receive because of the false and derogatory information contained in their credit reports.

viii.   The damage to Plaintiffs' credit scores may also have impacted the interest rates they have on current loans, credit they have requested during this ordeal, if applicable, or caused decreased credit limits on existing accounts.

ix.     Plaintiffs' economic damage also includes the considerable time, effort and expense they have been forced to expend attempting to force Defendant to comply with its statutory obligations including

telephone calls, writing letters, sending faxes.

x.   Plaintiffs have endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture their good name and credit, as well as the fact that Defendant continues to persist in painting Plaintiff in a false light both personally and financially.

xi.   Plaintiffs have also suffered embarrassment from having to explain the circumstances to potential creditors as well.  Plaintiff suffers anxiety when considering seeking additional credit because she believes, justifiably, that she will be forced to once again subject himself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about her.

xii.   Plaintiff has also suffered severe mental anguish due to the death of her husband.

xiii.   Plaintiff has also suffered from mental anguish, sorrow, solace, companionship, and loss of comfort for herself and the Mitchka's children.

xiv.   Plaintiff has also suffered based on the funeral expenses incurred.

xv.   Plaintiff has also suffered due to the loss wages of Mr. Mitchka.

## Case Law Supporting Actual Damages

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc*., 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681i defended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages)

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA*,  (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) *aff'd* at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, 297 F. Supp.2d 1196 (E.D. Mo. 2003)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047978 (S.D. Fla. 2008)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

c.    **Specific examples of credit denials/ adverse actions**

Mr. and Mrs. Mitchka experienced specific and known damage to their credit that has been manifested in their credit reports including decreased credit scores as a result of the inaccurate information contained in Mr. & Mrs. Mitchka's Trans Union credit reports.

Mr. and Mrs. Mitchka were denied credit from Wells Fargo Bank as a result of the derogatory information contained in their Trans Union credit reports.  In addition, Chase Bank denied Mrs. Mitchka credit as a result of the derogatory information contained in her Trans Union credit report.

It is the Plaintiff's understanding, as summarized through her counsel, that each of the credit reports utilized and resulted in the credit denials contained the inaccurate Capital One derogatory account and inaccurate information reported by Trans Union.

d.    **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).  Punitive damages will be proven through the Plaintiff's testimony, the testimony of her witnesses and through the testimony of the Defendant's employees.

e.    **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

> *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);
>
> *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);
>
> *Brimm v. Midland Credit Management, Inc.*, No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)
>
> *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

10

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A.* 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*:  Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

Plaintiff reserves the right to further supplement these disclosures.

> **SUZANNE L. MITCHKA,** *Individually and as The Personal Representative of David S. Mitchka, Deceased*
>
> _____/s/_____
> Leonard A. Bennett, VSB #37523
> CONSUMER LITIGATION
> ASSOCIATES, P.C.
> 763 J. Clyde Morris Blvd., Suite 1-A
> Newport News, Virginia 23601
> (757) 930-3660 - Telephone
> (757) 930-3662 – Facsimile
> Email: lenbennett@clalegal.com

Susan M. Rotkis, VSB #40693
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
Email: srotkis@clalegal.com

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Surovell Isaacs Petersen & Levy PLC
4010 University Dr, Second Floor
Fairfax, VA 22030
703-277-9774 - Telephone
703-591-2149 – Facsimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

Counsel for Plaintiff


### *CERTIFICATE OF SERVICE*

I hereby certify that on this 9th day of July, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael R. Ward, VSB #41133
Morris & Morris, P.C.
PO Box 30
Richmond, VA 23218-0030
Phone: (804) 344-8300
Fax: (804) 344-8539
mward@morrismorris.com

*Counsel for Trans Union, LLC*

By: ___/s/_____
Leonard A. Bennett, Esq.
VSB #37523
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@clalegal.com
*Counsel for Plaintiff*